## Dowdy, et al. v. City of Mayfield, et al.

(Decided March 9, 1926.)

### Appeal from Graves Circuit Court.

1. Municipal Corporations—Question .of Business Policy as to Use of Proceeds of Sale of Property is for Council, whose Discretion will Not be Interfered with in Absence of Bad Faith.—Whether city should pay a premium to repurchase bonds issued for purchase of light and water plant, which it had subsequently sold at a profit, or should place at interest a sum sufficient to discharge bonds at maturity and thereby incur a greater loss, or continue to levy tax sufficient to pay principal and interest on bonds when they fall due, and devote proceeds of sale to other public purposes, in absence of statute, held question for determination by mayor and council, whose discretion will not be interfered with by courts in absence of showing of bad faith or corrupt purpose.

2. Municipal Corporations—City's Surplus Funds Might be Used to Pay for Proposed Sewer System, where no Assessment had Been Made (Acts 1924, c. 98, Section 1).—City which did not have funds with which to pay cost of sewer system when its construction was ordered, and no assessment had ever been made, and liability of abutting property owners had not been fixed, might, on acquiring surplus funds after passage of ordinance, in view of Acts 1924, c. 98, section 1, use such funds to pay all or any part of cost of sewer system.

3. Appeal and Error—Portion of Judgment in Favor of Plaintiffs Held Not Reviewable on Plaintiffs' Appeal, in Absence of Cross-Appeal by Defendant.—In suit by taxpayers to restrain city from applying bond proceeds to street or sewer construction, propriety in restraining city from assessing any part of cost of laying service pipes from water mains to house connections cannot be reviewed on appeal of taxpayers, in absence of cross-appeal by city.

4. Municipal Corporations—City May Provide in Alternative for Different Materials, and Reserve Right of Selection Until After Bids. —City, by ordinance, may provide in the alternative for construction of streets of any one or more different types of material, and reserve right of selection until after bids are received.

5. Municipal Corporations—City May Improve Streets by Districts to Hasten Work and Secure Competitive Bids.—To hasten work and secure competitive bids, city may improve its streets by districts, by making each particular street, or each block of each particular street, unit of construction.

W. H. WYMAN for appellants.

W. J. WEBB, J. E. WARREN and MARTIN & BOAZ for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

The franchise granted the Graves County Water & Light Supply Company, afterwards the Mayfield Water

& Light Company, gave the city of Mayfield the right to purchase the plants at the expiration of twenty-five years. In the year 1916 the city exercised its option and purchased the plants with the proceeds of a bond issue amounting to $272,000.00. The bonds bear interest at the rate of 6%, and mature serially over a period of twenty-five years. Bonds to the amount of $242,000.00 remain unpaid, and are not callable before maturity. In the year 1925 the city sold the plants for $600,000.00. It then endeavored to purchase the outstanding bonds, but found that they were selling at a price $50,000.00 in excess of their face value. It then considered the plan of depositing a sufficient sum to meet the outstanding bonds at maturity, but found that the best rate of interest it could get was 4%, and, as the bonds bore 6% interest, the difference in the interest rates during the period the bonds were to run would amount to $71,000.00. It was concluded that neither plan was desirable, in view of the loss it would entail on the city.

Prior to the sale of the plants the board of council had passed an ordinance ordering the construction of a sanitary sewerage system at a cost of about $190,000.00. Of this not exceeding one dollar per front foot was to be assessed against the abutting property, and the balance on the adjoining lands in the sewerage district. The streets of the city, which had never been improved in whole or in part at the expense of the abutting property, were in a deplorable condition, and the board of council passed the necessary resolution and ordinance ordering their improvement. The board of council proposes to pay the entire cost of the sewerage system out of the proceeds of the bonds, and apply the balance, so far as it will go, to the improvement of the streets, and assess the remainder against the abutting property owners.

C. L. Dowdy and others, citizens and taxpayers of the city, brought this suit against the city and its officers to enjoin them from applying any portion of the proceeds of the sale of the bonds to the street or sewer construction, and to enjoin the assessment on the abutting property of any of the cost of laying service pipes from water mains to house connections. On final hearing the relief sought was denied as to the sewers and street improvement, but granted as to the assessment of the cost of the service pipes. The taxpayers have appealed.

1. The bonds issued to pay for the plants were not secured merely by a specific lien on the plants, but were

general obligations of the city secured by a pledge of all its property. The proceeds of the bonds were applied to the purpose for which they were issued. When the plants were sold the city determined to go out of the business of furnishing water and light to its inhabitants, and the proceeds of the sale were no longer applicable to that purpose. There is no statute nor provision of the Constitution requiring the proceeds of the sale to be applied to the extinguishment of the bonded debt. Whether the city shall pay a premium of $50,000.00 for the bonds, or shall place at interest a sum sufficient to discharge the bonds at their maturity and thus incur a loss of $71,-000.00, or shall continue to levy a tax sufficient to pay the principal and interest on the bonds when they fall due, and devote the proceeds of the sale to other public purposes, such as the improvement of the streets, is a question of business policy to be determined by the mayor and board of council, and, in the absence of a showing of bad faith or corrupt purpose, their discretion will not be interfered with by the courts. Overall v. City of Madisonville, 125 Ky. 684, 102 S. W. 278; Falls City Construction Co. v. Fiscal Court of Wolfe County, 160 Ky. 623, 170 S. W. 26.

2. It is conceded that, if the ordinance ordering the construction of the sewer system had provided that the cost should be paid out of the proceeds of the sale of the plants, there would be no valid objection to such application of the proceeds, but insisted that the city is without power to apply the proceeds in this way, in view of the fact that the sewer system was ordered constructed at the cost of abutting property holders. The recent act providing for the construction of sewers in cities of the fourth class, after authorizing their construction at the expense of the abutting property, contains the following provision:

"The board of council may, however, out of the general fund, contribute and pay toward the construction of such sewer such part of the cost thereof as may to the council seem proper. The tax provided for in this section shall be a lien upon said abutting property or benefiting property as the case may be, and may be collected and enforced as street improvement liens are collected and enforced, but the amount of sewer tax assessed against any lot or land shall, in no event, exceed $1.00 per front or abutting foot.

Nothing herein shall be so construed as to prevent the board of council from paying for all or any part of any sewer or sewers constructed under this act." Section 1, chapter 98, Acts 1924.

It will be observed that this language not only authorizes the board of council to contribute and pay out of the general fund towards the construction of sewers such part of the cost as may be deemed proper, but, after declaring that the tax shall be a lien upon the abutting or benefiting property, goes further and adds: "Nothing herein shall be so construed as to prevent the board of council from paying for all or any part of any sewer or sewers constructed under this act." Here, the city did not have the funds with which to pay the cost of the sewer system when its construction was ordered. No assessment has ever been made, and the liability of the abutting property owners has never been fixed. Since the ordinance was passed the city has acquired surplus funds, and we are constrained to hold, in view of the broad language of the act, that it may now use those funds to pay all or any part of the cost of the sewer system, just as it might have done had the original ordinance so provided.

3. There being no cross-appeal, the propriety of the court's action in restraining the city from assessing any part of the cost of laying service pipes from water mains to house connections can not be reviewed.

Our conclusions on certain minor questions involved may be summarized as follows:

(a) The city by ordinance may provide in the alternative for the construction of streets of any one or more different types of material and reserve the right of selection until after the bids are received.

(b) For the purpose of hastening the work and securing competitive bids, the city may improve its streets by districts by making each particular street, or each block of each particular street, the unit of construction.

Judgment affirmed.

Whole court sitting. Chief Justice Clarke and Judges McCandless and Dietzman dissent from so much of the opinion as holds that the city, after ordering the sewers constructed at the expense of the property owners, may pay any portion of the cost out of its surplus funds.